# Hoffman, Appellant, *v.* Marano.

*Principal and agent—Special agent—Powers—Public sale of real estate—Words and phrases.*

A special agent is one who is employed to do one specific act or certain specific acts only and does not bind his employer unless his authority be strictly pursued. Whoever deals with such an agent does so at his peril when the agent passes the precise limits of powers.

Where a person engages an agent to bid at a public sale of real estate and limits him strictly to a price named, such a person cannot be held on a bid by the agent largely in excess of that which had been named.

26, (1918).]   Statement of Facts—Opinion of the Court.

Argued Oct. 16, 1918.   Appeal, No. 215, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1915, No. 2315, on verdict for defendant in case of David W. Hoffman, Receiver of Lorenzo Bozzelli, *v.* Pasquale Marano.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for the difference between a price bid for real estate and the amount realized on a resale.   Before PATTERSON, J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in overruling plaintiff's motion for judgment n. o. v.

*Arthur S. Minister* and *Brown & Williams,* for appellant.—The principal is bound by the acts of his agent in the course of the business intrusted to him even though in excess of his authority: Brooke v. New York, Etc., R. R. Co., 108 Pa. 529; Harrington v. Bronson, 161 Pa. 296; Grassell Chemical Co. v. Biddle Purchasing Co., 22 Pa. Superior Ct. 426.

The fact that the principal was undisclosed until after the bidding did not affect his liability: Youghiogheny I. & C. Co. v. Smith, 66 Pa. 340; Hall v. White, 123 Pa. 95; Rice v. Fidelity & Casualty Co., 1 Lack. L. N. 111; Villa Nova Co. v. Kerbaugh, 29 Mont. L. W. 15; Hubbard v. Tenbrook, 23 W. N. C. 351.

*Ralph B. Evans,* of *Prichard, Saul, Bayard & Evans,* for appellee.

OPINION BY KEPHART, J., December 12, 1918:

The appellee went to a public sale for the purpose of buying a property in the Italian section of the City of

Philadelphia. He understands very little English. The property was being sold subject to a mortgage of $8,000. At the sale he met Kolsky, a real estate broker, who suggested that the appellee should allow him to bid. This was assented to, a limitation of $12,000 being placed on the purchase-price. Kolsky made some bids and dropped out. The bidding continued and shortly afterwards Kolsky, without acquainting the appellee with the last bid, said to him: "If you want the property, don't lose it for another hundred." The property was then knocked down to Kolsky. The appellee, when about to sign the clerk's sale book, was informed by Kolsky that his bid was $14,100. He promptly repudiated the transaction and the property was immediately put up for resale. On suit for the difference in the bids, the vendor lost in the court below.

This brief statement of the facts is sufficient to establish a special agency or a limited authority in the agent for a particular purpose. Unlike a general agent, who has implied authority to do whatever is usual and proper to effect the purposes of the agency, the authority of a special agent must be strictly pursued. It has been stated that whoever deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his powers: Devinney v. Reynolds, 1 W. & S. 328-333. A special agent is one who is employed to do one specific act or certain specific acts only and does not bind his employer unless his authority be strictly pursued: London Savings Fund Society v. Hagerstown Savings Bank, 36 Pa. 498-503. A special authority confers by implication all powers necessary or incident to its proper execution. That is authority to perform such acts as are indispensable to a proper execution of the thing proposed under the special agency. In the purchase of real estate by an agent specially authorized, the vendor is bound to know the extent of the agent's authority, and when he deals with an undisclosed principal his acts may be taken to have been solely

with the agent, as no credit was extended on the principal's account. As stated in Storey on the Law of Agency, 7th Edition, Section 126: "If the agent exceeds the special and limited authority conferred on him, the principal is not bound by his acts, but they become mere nullities, so far as he is concerned; unless, indeed, he has held him out as possessing a more enlarged authority." And in section 133 of the same work: "But where the agency is not held out by the principal, by any acts or declarations, or implications, to be general in regard to the particular act or business, it must from necessity be construed according to its real nature and extent; and the other party must act at his own peril, and is bound to inquire into the nature and extent of the authority actually conferred. In such a case, there is no ground to contend, that the principal ought to be bound by the acts of the agent, beyond what he has apparently authorized; because he has not misled the confidence of the other party who has dealt with the agent."

The judgment of the court below is affirmed.