## Lederman, Appellant, v. Lazarus.

*Sheriff's interpleader — Framed issue — Allegata and probata—Immaterial variance—Objections.*

On the trial of a framed issue on a sheriff's interpleader, it was error to give binding instructions in favor of the defendant because of a variation between the statement and the evidence, where the variation consisted of a misstatement of the name of a constable who held a sale at which the plaintiff acquired title to the property and no objection was made at the time of the introduction of the evidence.

Such objection should have been made when the evidence of the sale was introduced, and in the absence thereof, the objection will be deemed to have been waived, especially where the variance was immaterial.

Argued March 5, 1923.   Appeal, No. 18, March T., 1923, by plaintiff, from judgment of C. P. Luzerne County, Jan. T., 1920, No. 282, on verdict for defendant in the case of C. A. Lederman v. G. Fred Lazarus, Trustee of ·J. Lederman, Bankrupt, now subrogated to the rights of Freeland Overall Manufacturing Co.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Sheriff's Interpleader and framed issue to try title to personal property.   Before GARMAN, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant and entered judgment thereon.   Plaintiff appealed.

*Error assigned* was in directing a verdict in favor of defendant.

*M. J. Mulhall,* and with him *Abram Salsburg,* for appellant.—The failure to raise the objection that there was a variance between the probata and the allegata at the trial of such a case will be regarded as a waiver of such alleged variance: Carter v. Henderson & Co., Ltd., 224 Pa. 319; Herrlein v. McKeesport, 247 Pa. 277; Stegmaier v. Keystone Coal Co., 225 Pa. 221; Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294; Clark v. Millet, 57 Pa. Superior Ct. 287; Cromelien v. Maugher, 17 Pa. 169; Will v. Austin, 23 Dist. Rep. 334.

*D. A. Fell,* and with him *Reynolds & Reynolds,* for appellee, cited: Windish v. People's Natural Gas Company, 248 Pa. 236; Charnogwisky v. Price-P. Coal Com-

pany, 249 Pa. 1; Com. ex. rel. Fuehrer v. Grim et al.,
255 Pa. 45; Boyd v. Houghton & Company, 269 Pa. 273;
Wilkinson Mfg. Co. v. Welde, 196 Pa. 512.

OPINION BY GAWTHROP, J., April 16, 1923:

This was an issue in sheriff's interpleader proceedings
growing out of an attachment issued against J. Lederman
under the Fraudulent Debtor's Acts. The goods attached
were claimed by the plaintiff, C. A. Lederman, the
brother of J. Lederman, and the issue was framed to try
his title to them. While the case was pending in the
court below, J. Lederman, the defendant in the attach-
ment, was declared a bankrupt and his trustee, the pres-
ent appellee, was subrogated to the rights of the attach-
ing creditor and became the defendant of record. The
claimant and plaintiff in the issue, set up in his state-
ment of the source of his title, a purchase at a constable's
sale held on the premises of J. Lederman by Frank J.
Allan, constable, under an execution in his hands against
the said J. Lederman. The affidavit of defense denied
that the plaintiff purchased the goods and chattels, as
set forth, and averred that the sale was fraudulent and
for the purpose of defrauding the defendant and other
creditors. On the trial of the case, the plaintiff offered
in evidence, without any objection on the part of the de-
fendant, the records of two judgments obtained against
J. Lederman before the justice of the peace on November
17, 1919, for $234.90 and $375, the writs of execution
thereon showing the constable's levy and his return that
he had sold the goods levied on to C. A. Lederman on
November 24, 1919. There was proof that the plaintiff
paid the constable, took possession of the goods and re-
ceived a bill of sale therefor. This was in support of his
contention that he had purchased, bona fide, at a con-
stable's sale, all the goods levied upon under the attach-
ment. The defendant offered no evidence, but presented
written requests for charge, one of which was for binding
instructions for the defendant. A verdict was directed

in favor of the defendant. The reasons given by the trial judge for directing the verdict for the defendant were stated thus: "Counsel for the party adverse to claimant's side at the very last moved the court for binding instructions in defendant's favor for the amount as in controversy on account of the variance as existing in the pleadings, between the allegata and the probata, and when moving the court, gave counsel for the claimant a copy of the point as presented. This motion was made before the jury received any instructions whatsoever from the court and was still in time as we now hold. Counsel so receiving the motion did nothing in the way of making any amendment to the pleading as made up in the statement duly filed in the case, and which, under the law, while not formally offered in evidence, was still the same as if formally presented or offered." A careful examination of the record, and especially the requests for charge certified by the official stenographer and approved and directed to be filed by the trial judge, shows no point suggesting a variance between the allegations and the proofs.

The assignment of error raises but one question: Was there error in directing a verdict for the defendant? Defendant's seventh point, requesting a charge that, under all the evidence as submitted in the trial, the verdict should be rendered in favor of the defendant, raises no question as to the correspondence between the declaration and the evidence, and does not entitle the defendant to a direction of the verdict in his favor because of their disagreement: Cromelien v. Maugher, 17 Pa. 169. Treating as properly before the court, the point asking for binding instructions for the defendant on the ground that the allegata and the probata did not agree, we think there was error in affirming the point. The only variation between the declaration and the evidence was that the constable named in the declaration as making the sale was Frank J. Allan. The evidence showed that the name of the constable was Thomas J. McHale. It may

be that if objection had been made to the admission of the evidence on this ground that it should have been rejected, but no objection was made and no request was made to withdraw it or strike it out: Brown v. Gilmore, 92 Pa. 47; Clark v. Millett, 57 Pa. Superior Ct. 287. If this had been done, an amendment of the declaration making the evidence clearly admissible could have been made. The issue was framed and the case tried upon the theory that the only question was whether the sale was fraudulent or not. No question was raised as to whether or not there was a sale or who conducted it. The claimant's statement would have been complete without the name of the constable. The material fact for the appellant to set up and prove was the source of the title to the goods and chattels in controversy. Even if the name of the constable were material, which we do not hold, advantage of the variance could not be taken under the circumstances. The defendant was not misled. He allowed the trial to proceed as though the evidence was admissible under the pleadings, and his complaint was too late. This conclusion is supported by several decisions of our Supreme Court. In Carter v. Henderson & Company, Limited, 224 Pa. 319, a suit by an employee against his employer, the negligence charged was the failure to provide safe and suitable appliances. The proof was that a defective pilaster in a building caused the accident. It was held that although the pilaster was not an appliance and that the word "appliance" was inapt almost to the extent of being a misnomer, there was no change in the cause of action, that a variance could not be asserted, and the defendant, who made no objection to the evidence when offered, could not be heard at the end of the trial to ask for binding instructions on the ground that the allegations and proofs did not agree. In the case at bar it was not necessary that the constable's name be stated. That was wholly immaterial. The allegations from which the proofs must not materially vary and with which they must be consistent

are those averments of fact contained in the plaintiff's statement, which, if substantiated would entitle him to recover. If the statement contains other allegations of fact, not essential to the cause of action sued upon, the plaintiff is not bound to prove them, and failure to do so will not constitute a fatal variance: Stegmaier v. Keystone Coal Company, 225 Pa. 221. We are clear that the action of the court below cannot be justified; first, because the name of the constable was not a material matter; and second, because the objection of variance came too late.

The judgment is reversed and a new trial is awarded.