## Walter, Appellant, v. Jenkins.

*Sheriff—Deputy sheriff—Liability of sheriff for the action of his deputy in making a contract. with a liveryman for keeping animals taken in distress under a landlord's warrant.*

A deputy sheriff has no authority to bind the sheriff for the care and feeding of animals taken under a landlord's warrant, placed in the hands of the deputy for execution.

A sheriff or constable is not bound to make a distress for rent; for all duties imposed upon them by statute are those which follow the distress or those which relate to the appraisement or sale, should that become necessary.

Argued December 5, 1927. Appeal No. 283, October T., 1927, by plaintiff from judgment of C. P., Schuylkill County, No. 743, September T., 1926, in the case of J. C. Walter v. Robert E. Jenkins. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for care and feeding of horses. Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,415.70. Subsequently the court on motion entered judgment for defendant non obstante veredicto. The plaintiff appealed.

*Error assigned* was the judgment of the court.

*Roscoe R. Koch,* for appellant.

*D. J. Boyle,* and with him *R. J. Graeff,* for appellee.

OPINION BY GAWTHROP, J., March 2, 1928:

Assumpsit by a liveryman for $1,320 alleged to be due him for feeding and caring for two horses and

storing a wagon, under an oral contract. The plaintiff got a verdict and has appealed from a judgment entered for the defendant n. o. v.

The evidence and verdict warrant the assumption that the jury found the following material facts: The defendant was the sheriff of Schuylkill County from the first Monday of January, 1922, until the first Monday of January, 1926. On October 23, 1924, McCool, a deputy sheriff, made a levy under a landlord's warrant placed in his hands for execution, upon the horses and wagon here involved. On October 24, 1924, McCool made a contract with the plaintiff for boarding the horses and storing the wagon at $3 a day and put the horses and wagon in plaintiff's stable. About three months later, the plaintiff saw McCool in the sheriff's office and asked him what "they were going to do about the horses?" McCool said that the plaintiff would be paid. The horses and wagon remained at the defendant's stable where they were fed and cared for until the defendant's term expired. When the plaintiff had kept the horses about six months he saw the defendant in the sheriff's office and presented to him a bill for the keep of the property up to that time at $3 a day. The defendant said: "We can't do anything; we can't go any farther with that case, that was not issued from the court." The plaintiff talked to McCool several times afterward and asked him about "getting rid of those horses." McCool said: "You don't need to care, you are sure of your money." There was no evidence that the defendant expressly authorized McCool to place the horses and wagon with the plaintiff or that he knew that McCool had made any contract with plaintiff.

The legal question presented for our consideration is whether the defendant is liable under the contract made by McCool. As stated in the opinion of the trial

judge, the case was tried by counsel for each party as though the sheriff had an official duty to perform in the execution of the landlord's warrant. Apparently the able counsel for the plaintiff still entertains that view of the case, for he states in his written argument that the question before us is whether the sheriff is liable for a claim for boarding and stabling two horses and storing a wagon, under an oral contract made by his deputy. The court below was correct in stating that "a sheriff or constable is not bound to make a distress for rent, for all the duties imposed upon them by statute are those which follow the distress, or those which relate to appraisement and sale, should that become necessary a's is prescribed by the Act of March 21, 1772: 1 Smith's Laws 370; 2 Purdon's Digest, pp. 2177, 2182." See also: McElroy v. Dice, 17 Pa. 169. All that is required of the person executing a warrant in landlord and tenant proceedings is that he is the authorized agent of the landlord: Pickering Co. v. Lutz (No. 2), 67 Pa. Superior Ct. 479, 482. In such a proceeding the constable is the agent of the landlord and not a public officer: Ramsdell v. Seybert, 27 Pa. Superior Ct. 133, 136. As already stated, the plaintiff did not prove that the defendant had authorized McCool to enter into a contract with him. Counsel for appellant concedes in his brief that he did not prove a ratification of the contract by the defendant. His contention is that the liability of the defendant grows out of the exercise of an implied authority in McCool, a deputy sheriff, to bind the defendant, who was then sheriff, for the custody and keep of the distrained property. But as the defendant was not acting in his official capacity, the question of implied authority of a deputy sheriff to bind the sheriff is not involved. At most McCool was only a special agent of the defendant (the latter acting in his personal capacity) to execute the warrant. In dealing with such an agent the plaintiff

was bound to know the extent of the agent's authority. Even though he knew that McCool was in fact a deputy sheriff, he had no right to assume that he was acting as such when he made the contract with him. If he had made inquiry he could have learned, if he did not know, the circumstances in which he was making the contract. Unlike a general agent, who has implied authority to do whatever is usual and proper to effect the purposes of the agency, the authority of a special .agent must be strictly pursued and whoever deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his powers: Hoffman v. Marano, 71 Pa. Superior Ct. 26, 28; Loudon Savings Fund Soc. v. Hagerstown Savings Bank, 36 Pa. 498, 503. While a special authority confers by implication all powers necessary or incident to its proper execution, it is limited to such acts as are indispensable to a proper execution of the thing proposed under the special agency. When the agent exceeds the limited authority conferred on him, the principal is not bound by his acts and they become more nullities so far as the principal is concerned, unless the latter has held the agent out as possessing a mere enlarged authority. When there is no such holding out the agency must be construed according to its real nature and extent, and the person dealing with the agent acts at his own peril and is bound to inquire into the nature and extent of the authority actually conferred: Story on the Law of Agency, 7th Ed., Section 126. The contention is made on behalf of the plaintiff, that as the case was tried on the theory that it was one in which the sheriff was performing an official duty through his deputy, a defense not raised in the pleadings or interposed at trial cannot be considered by the court below after the trial, or on appeal. We deem it a sufficient answer to state that the affidavit of defense squarely raised the question of Mc-

Cool's authority to make the contract for the defendant. Notwithstanding the forceful oral argument and carefully prepared brief of the able counsel for the plaintiff, we are of one mind that the court below was right in sustaining the defendant's motion for judgment n. o. v.

The judgment is affirmed.