## Commonwealth et al. *v.* Abrams, Appellants.

Argued October 17, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Milford M. Tinsley,* for appellant.—The act of a constable in making a distraint for rent is not an official act that would impose liability upon his bondsman in the event of proof of the principal's negligence. Murphy v. Chase, 103 Pa. 260; Pickering v. Lutz, 67 Pa. Superior Ct. 479; Williams v. Kocher, 28 Dist. Rep. 939; McElroy v. Dice, 17 Pa. 163; Nash v. Douglass, 40 Pa. C. C. 624.

*Frank H. Warner,* for appellee.—A constable in making a distraint for rent acts in an official capacity, and his bondsman is liable for any negligence: Commonwealth-to-Use v. Sheppard, 4 Pa. Law Jour. (2 Clark 393); Wormald v. Marvin, 23 Dist. Rep. 64; Pollock v. Ingram, 6 Pa. Superior Ct. 556; Commonwealth v. Lentz, 106 Pa. 643.

OPINION BY HENDERSON, J., December 13, 1928:

This is an action of assumpsit, brought against a constable and his surety to recover an amount of rent alleged to have been lost through the negligence of the constable in serving a landlord's warrant. The use plaintiff was the agent in charge of a building on Oxford Street in Philadelphia, and on July 19, 1926, he issued a verbal landlord's warrant directing Edward E. Abrams, the defendant constable, to distrain the goods of the tenant on the premises for the collection of $270 due for rent; whereupon, the same day distraint was made by Abrams. Two days later, the agent notified Abrams that the tenant was unlawfully

removing his goods from the premises. Whereupon, the said constable took the goods into custody and removed them to a nearby police station, from which, as alleged, the tenant was permitted to remove them to a place unknown to the plaintiff or the constable. The basis of the action being the official bond of the constable, it is necessary to be shown that liability has arisen because of something done in his official capacity.

Section 112, of the Act of April 15, 1834, P. L. 537, prescribes the conditions of the official bonds of constables which are declared to be for "the use and benefit of all persons who may sustain injury from him in his official capacity by reason of neglect of duty." It is important, therefore, that it be proved the negligence attributed to the constable was committed in the discharge of his official duty, but this nowhere appears in the case. A landlord's warrant is not a judicial process, nor a direction which a constable is bound to carry out. It is in the nature of a power of attorney to act for the landlord; the constable cannot be compelled to serve it; he is agent or bailiff merely, until the proceeding has reached the stage where a sale is necessary. The warrant in the hands of the person to whom it is directed, or to whom it is given, is for the protection of the bailiff merely. It may be given by word of mouth however, as was done in this case, over the telephone.

It was held in Murphy v. Chase, 103 Pa. 262, that a constable who distrains goods under a landlord's warrant is not an officer of the law, but the agent of the landlord merely, until an appraisement has been made and the legal processes provided by the statute call for a sale of the property distrained.

The same conclusion was reached in Ramsdell v. Seybert, 27 Pa. Superior Court 133, where we held that in a distraint for rent the constable is the agent of the landlord and not a public officer.

Of like import is Pickering v. Lutz, 67 Pa. Superior Ct. 479, in which it was said that a landlord's warrant directed to a constable does not derive any force by reason of the official title of the bailiff. The same question was considered by us recently in Walter v. Jenkins, 92 Pa. Superior Ct. 526, in which case a landlord's warrant was issued to a deputy sheriff. The effort was to charge the sheriff with the act of the deputy on a contract for boarding horses and storing a wagon seized on the distress. We there held that the deputy sheriff in executing the landlord's warrant was an agent merely of the landlord, and was not acting in an official capacity.

This is the common law rule which has not been modified by statute except as relates to a sale after appraisement. If an excessive distress had been made by the constable or one when no rent was in arrears responsibility would have rested on the landlord and no right of action against the constable or his surety would have existed for the reason that the distress was by the landlord through his agent.

Our attention has not been called to any statute which provides for an official distress for rent. And the common law rule recognizes no such official duty. It follows that an action for nonfeasance or misfeasance in office cannot be maintained against a constable or his surety on the facts disclosed.

The judgment is reversed at the cost of the appellee.

---

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.