## Lugar v. Parker et al.

*William H. Ridley,* for plaintiff; *W. C. Alexander,* for defendants.

MacDade, J., April 14, 1930.—This is an action in *assumpsit* upon the part of George C. Lugar against the defendants, Clarence D. Parker and Albert H. Yarnall, to recover the sum of $130, claimed to be the amount paid by the plaintiff to the said Albert H. Yarnall for the sale of an automobile.

It seems that the said Clarence D. Parker, on or about Nov. 1, 1928, operated a garage in Media Borough, and had in his possession a Ford sedan, engine No. 14576325, with Maryland license plates on said car No. 211819.

This car, from what we can learn, was found abandoned on the streets of Media by the chief of police and he stored the said car with the said Clarence D. Parker until further notice. As it developed later, the car was a stolen car, having been stolen from one Clem D. Way in May, 1928, the said Clem D. Way being a nonresident of this state.

On or about Nov. 1, 1928, the defendant, Clarence D. Parker, claimed that there was rent or storage due on said automobile amounting to $42.33, and, in order to satisfy the said rent or storage charges, he gave to Albert H. Yarnall, the other defendant, and a duly qualified constable, a landlord's distress warrant with instructions to execute the same and levy upon the said automobile to satisfy the said rent or storage charges.

Whereupon, in pursuance of said distress warrant, the said Albert H. Yarnall, constable as aforesaid, did levy on the said Ford sedan and expose the same to public sale, whereat the said George C. Lugar, plaintiff aforesaid, purchased the said automobile for the sum of $130. The said sum of $130 was paid as the purchase price therefor by the said George C. Lugar to the said Albert H. Yarnall, as constable, and he has his receipt therefor.

Thereupon the said Albert H. Yarnall having received the said $130 in cash from the said Albert C. Lugar, plaintiff aforesaid, the automobile was delivered to him, the plaintiff, by the said Albert H. Yarnall, constable.

Subsequently, on or about Dec. 13, 1928, there was issued out of this court a writ of replevin in which Clem D. Way was designated plaintiff and the said George C. Lugar, plaintiff aforesaid, was designated defendant, to recover the said Ford sedan, being the same automobile which the said George C. Lugar purchased from, and paid the sum of $130 cash therefor to, the said Albert H. Yarnall, constable, and one of the defendants aforesaid, which said automobile was delivered to Clem D. Way, under the said writ, the sheriff having taken possession of the same while in the custody of the said George C. Lugar and delivered it to the lawful and rightful owner, the said Clem D. Way.

The said George C. Lugar has made repeated demands upon Clarence D. Parker and Albert H. Yarnall for the said sum of $130, being the amount paid in cash to the said Albert H. Yarnall for the said automobile, but they and each of them refused and still refuse to pay him the said amount, for the recovery of which this suit is brought.

In view of the above circumstances, we must conclude that the said automobile was abandoned on the streets of Media after it had been stolen, and, therefore, the title, it must be conceded, has never changed and the ownership was in the said Clem D. Way at all times, notwithstanding what may have transpired since the automobile came into the possession of the chief of police of Media and others.

It is a well recognized principle of law that a finder of lost property, and this would apply equally to stolen property, has no lien for expenses gratuitously incurred in taking care of it: Forster v. Juniata Bridge Co., 16 Pa. 393; Etter v. Edwards, 4 Watts, 63.

In the former case it was held that property carried adrift continues to be the property of him who owned it at the time of the flood. When located the owner has a right to enter upon the land and remove it, but is not bound to do so and may abandon it without incurring responsibility for injury by it.

The owner of the land in that case had no lien on property cast on it by a drift, and the same application can be made to an automobile which has been abandoned and placed in the custody of a garage owner by the chief of police of the town. Indeed, where the owner of the property proves his title or ownership in it, as the owner of the automobile did in this case, and the garage owner has actually converted it to his own use, the latter will be liable to him in trover and conversion for damages; therefore, the property was properly delivered by the sheriff under the writ of replevin to the said Clem D. Way, and the question is now whether the garage owner ever had a lien on the property for storage or a claim for rent. We think not.

This is an action in *assumpsit* to recover $130 paid by plaintiff to the defendant, Yarnall, for the purchase at public sale conducted by the said Yarnall, presumably as a constable under a landlord's distress warrant, of the automobile in question, which belonged to a person who was a nonresident and from whom it was stolen and found abandoned on the streets of Media by the chief of police and then placed by him in the custody of the other defendant, Parker, as a garageman, for safe-keeping.

At that time it was the duty of Parker and the chief of police and of this constable (Yarnall) to report the circumstances surrounding possession of the car to the Secretary of Highways, as the acts of assembly require. This was not done. It proved later that the car had been reported stolen by the owner and then it was that the car was located when the plaintiff applied to the said Secretary of Highways for a certificate of title and registration. If the defendant, Parker, as a garageman, had reported the car, it would not have

been necessary to conduct any public sale to sell the said automobile for rent or storage. It was entirely the fault of the garageman and the chief of police that this unfortunate situation has arisen for failing to report the car.

Section 1220 of the Motor Vehicle Code of 1929 provides that the person in charge of any garage or repair shop in which has been left a motor vehicle of unknown ownership for a period of fifteen consecutive days, without being removed by its owner or other person duly authorized to remove the same, shall report to the department within twenty-four hours of the elapse of such fifteen-day period, giving the name, engine number, manufacturer's serial number, registration plate number and the name and address of the person abandoning the same, if known.

In section 209 (d) of the same act, it is provided that it shall be the duty of every peace officer having knowledge of a stolen motor vehicle immediately to furnish the Secretary with full information in connection therewith. In lieu of this, this garageman attempted to sell the stolen motor vehicle for rent, and the plaintiff, either by design or carelessness, certainly, in disobeying the law, became the victim to the extent of having $130 wrested from him under the pretext of a legal distress. There could be no legal distress warrant issued, for there was no rent due. If anything was due it was for storage charges, and a landlord's distress warrant cannot be legally issued for that: Baldwin Piano Co. v. Moyer, 21 Schuyl. Legal Rec. 405.

As a landlord himself issues the warrant, a constable need not accept and serve it, for a constable is not bound to serve writs of private persons. But where a constable does serve a landlord's warrant, he merely acts as an agent for the landlord, and a writ is no protection to a constable if served illegally or irregularly: Bair v. Warfel, 5 Lanc. Law Rev. 81; Wells v. Hornish, 3 P. & W. 30.

This constable should have protected himself by requiring an indemnity bond from this supposed landlord, the other defendant herein. This is always a wise thing to do in executing a landlord's warrant: Dill's Law on Constables of Pennsylvania, 88, 109; Wells v. Hornish, supra; McElroy v. Dice, 17 Pa. 163.

However, this defendant, Yarnall, did more. He made the appraisement and conducted a public sale, when the motor vehicle was sold to the plaintiff and the latter paid for the same and obtained a receipt therefor and the motor vehicle was delivered by Yarnall, the constable, to the said plaintiff. He, therefore, under the ruling of Com. v. Nichols, 4 Dist. R. 318, was more than an agent, for he latterly (after the appraisement) was acting in his official capacity. That case decided: "Until an appraisement has been made, the constable is only the landlord's bailiff." After appraisement, the case might be different: Com. v. Leech, 27 Pitts. L. J. 233; Com. v. Abrams, 94 Pa. Superior Ct. 556.

If this garageman had a common law right of lien for storage (and we doubt it, as we believe he must show in the instant case statutory authority), he is in no better position, for, under the right to a lien by a liveryman for the keep of a horse, he had no right to sell the carriage or other vehicles and harness for their care and storage: Hartshorne v. Seeds, 1 Chest. Co. 460.

One having a lien may relinquish it by his conduct: Govett v. Reed et al., 4 Yeates, 456; Davis & Pugh v. Bigler & Son, 62 Pa. 242.

The garageman, if he had a lien for storage, should have made a public sale in accordance with statutory authority and should not have issued a landlord's distress warrant, which was wholly unwarranted. He was amply protected in such charge for storage, if he so charged, in the replevin proceed-

ings which the lawful owner subsequently pursued by setting up a claim for rent or storage, as the case might be, in an affidavit of defense. This he has utterly neglected to do, but in lieu thereof has the plaintiff's money, covering not only his charges, the costs, etc., of the distress warrant proceedings, but also has in his possession the balance of the purchase money which under the law should be distributed to the owner of the car. However, the owner got his car back, and this balance of money should be returned in all honorable dealing to the plaintiff in any event.

Evans v. Witman, 10 D. & C. 719, decides that where replevin issues against a person having possession under claim for storage, the question of whether or not defendant has a lien must be settled by the jury.

Where a stolen car is stored by police with a public garage and later sold by the garageman at auction for storage charges, the purchaser does not obtain good title as against the owner, for a lien cannot be created without consent of the owner: General Exchange Ins. Co. v. Kirley, 77 Pitts L. J. 681.

The owner had a legal right to claim and recover this "stolen" car, even under the circumstances of this case, for we have so decided in F. A. North Co. v. Hall, 20 Del. Co. Reps. 324, where we said:

"If an owner loses his property or is robbed of it, or it is sold or pledged without his consent by one who has only a temporary right to its use or a qualified possession of it for a specific purpose, the owner can follow it and claim it in the possession of any person howsoever innocent.

"No man can be divested of his personal property without his consent, and even an honest purchaser under a defective title cannot hold it against the true proprietor."

Storage charges are not liens on a chattel such as a motor vehicle within the Act of May 13, 1876, P. L. 171. It certainly is not a landlord case in any event: Estey v. Dick, 41 Pa. Superior Ct. 610.

This is a somewhat analogous case and it holds that where a bailee ends the bailment and secretly deposits the chattel bailed in an incorporated storage warehouse, the storage company has no lien for charges for storage as against the real owner and cannot refuse to return the chattel to the real owner unless the latter pays the charges. It seems to us that this fits the facts in the present case exactly. Furthermore, it holds that if an owner loses his property or is robbed of it or it is sold or pledged without his consent by one who has only a temporary right to its use by hire or otherwise, or a qualified possession of it for a specific purpose, as for transportation or for work to be done upon it, the owner can follow it and claim it in the possession of any person howsoever innocent.

We conclude, therefore, that the plaintiff is entitled to have his motion for judgment prevail, and the following is our

### Order.

And now, April 14, 1930, the above motion for judgment for want of a sufficient affidavit of defense coming on to be heard by the court in banc, together with oral arguments and briefs, after due consideration, the court doth order and decree that the rule for judgment for plaintiff against the defendant, Albert H. Yarnall, for want of a sufficient affidavit of defense, be and is hereby made absolute, and that the prothonotary be and is hereby ordered and directed to enter judgment in favor of the plaintiff, George C. Lugar, and against Albert H. Yarnall, in the sum of $130, together with interest thereon from Nov. 1, 1928.

From William R. Toal, Media, Pa.