Stern & Company, Appellant, *v.* Honikman.

Argued October 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*David H. Kinley,* and with him· *Loewenstein and Winokur,* for appellant.—A party who claims goods by virtue of purchase from one who bought at a constable's sale under a distress, must prove affirmatively that all the statutory requirements of such sale have been complied with: Murphy v. Chase, 103 Pa. 260; Sookiasian v. Swift & Co., 100 Pa. Superior Ct. 69; and Mortgage B. & L. Assn. v. Van Sciver et al., 304 Pa. 408.

*Francis Chapman,* and with him *J. Myron Honigman,* for appellee.—There is a presumption of regularity as to all the acts of a constable subsequent to the distraint or seizure and notice thereof: Peerless Soda Fountain Co. v. Walsh & Boyle, 105 Pa. Superior Ct. 71; Mortgage Building and Loan Association v. Van Sciver et al., 304 Pa. 408.

OPINION BY PARKER, J., January 25, 1933:

The questions raised on this appeal involve the regularity of proceedings in a sale of chattels on a distress for rent. Stern and Company, the plaintiff, leased a considerable quantity of household furnishings to Anna B. Conner, tenant of the defendant, Bertha Honikman. The tenant Conner having become in arrears in the payment of her rent, the defendant distrained for the amount due. The chattels of the plaintiff, being found upon the premises of the defendant, were sold to a third party, who, in turn, conveyed his title to the goods to the defendant. After the sale, plaintiff brought an action in replevin, and Mrs. Honikman by

agreement intervened as the defendant, when the title as between these two was tried, and resulted in a verdict and judgment for the defendant.

Defendant's title was attacked by the appellant on the grounds that (1) it was not proven that the appraisers were freeholders, (2) the oath taken by the appraisers was not such as is required by law, and (3) there was not a valid appraisement.

There was some confusion in practice and in the reported cases as to the capacity in which a constable acted in proceedings under a landlord's distraint and sale for rent, until this doubt was authoritatively removed by the Supreme Court in the case of Mortgage B. & L. Assn. v. Van Sciver, 304 Pa. 408. We quote from that decision (p. 415): "It has sometimes been thoughtlessly said that, in all the proceedings from the distraint up to and including the sale, the sheriff, under-sheriff or constable is acting in no other capacity than as agent of the distrainer, and that no more effect can be given to his acts than would be given to that of any other person who was acting as such agent. As will be noticed, the statute draws a clear distinction between the act of distraint, with the service of notice thereof on the tenant, and the later steps taken in the distraint proceedings, and so we have recognized whenever the matter has been passed upon by this court......Under our cases above quoted, the opinion last cited [Com. v. Abrams, 94 Pa. Superior Ct. 556, 558] is too limited in its scope. It should have stated, under the language of the Act of 1772 and our cases construing it, that a constable begins to act as an officer of the law when an appraisement is required. It follows that, as all the acts of the constable in this case, after the distress made and notice thereof, were done virtute officii, a rebuttable presumption of regularity arises as to them, and in that light we must consider the argument made by appellants on the reserved points."

Conceding for the sake of argument that defendant did not offer any specific evidence that the appraisers were freeholders, and noting that there was not any evidence offered by either side to show that they were not such, the defendant was entitled to rely on the presumption of regularity.

It is next contended that the evidence offered by the defendant disclosed that the appraisers did not take the oath required by the Act of March 21, 1772, 1 Sm. L. 370, 68 P. S. 59, in that the appraisers were sworn to make the appraisement "to the best of our [their] knowledge and ability" instead of using the exact words of the statute, "to the best of my understanding". As was pointed out by Mr. Justice SIMPSON in the Mortgage B. & L. Assn. Case (p. 417): "The objection to the proceeding must be a reasonable one." A reference to any standard dictionary will demonstrate that the words "knowledge and ability" used in the written oath taken by the appraisers in this case are the full equivalent of the word "understanding" as used in the statute. If the appraisers undertook to act to the best of their knowledge and ability, they certainly acted according to the best of their understanding. We find no merit in this objection.

The final objection arises by reason of the fact that the defendant, although the burden was not on her so to do, offered in evidence a written appraisement which the constable caused to be made by two freeholders. This paper indicates the values by rooms and apartments where the goods were located, and then gives the total value. The written report did not show the valuation placed upon each individual article. The defendant had, however, offered in evidence a copy of the notice served upon the tenant which disclosed a detailed inventory of the goods and chattels seized and furnished additional oral testimony showing that each article named in the inventory which formed the basis of the notice to the tenant was itemized and that all

of these articles were appraised item by item as to values, but that in setting them down on the written sheet, the report was itemized only as to totals for each room.

The appellant contends that the Act of 1772 requires the appraisers not only to make an appraisement, but to make an inventory item by item, and set down in writing a value as to each item. The Act does require the owner to furnish to the tenant in the manner prescribed by that Act a list of the goods distrained. Mr. Justice TRUNKEY, in the case of Richards v. McGrath, 100 Pa. 389, 399, said: "A landlord is not required to weigh or measure all the goods in a store which he has distrained, and give a full and complete inventory of every pound of such as are usually sold by weight, and of every yard or quart of such as are usually sold by measure; nor need he detail every article or notion in a stock of millinery goods. The inventory should be so full and complete as to inform the tenant of the goods distrained and for which he may issue a writ in replevin." There is not only no complaint on this score, but the evidence shows that such inventory was made and notice given. The Act later provides that the owner "shall and may with the sheriff, undersheriff or constable in the city or county where such distress shall be taken (who are hereby required to be aiding and assisting therein) cause the goods and chattels so distrained to be appraised by two reputable freeholders." There is not anything in the Act indicating that a second inventory shall be made. "The Act of 1772 requires an appraisement of goods distrained for rent, before being sold, so that excessive distress may not be made": Briggs v. Large, 30 Pa. 287, 291; Mortgage B. & L. Assn. v. Van Sciver, supra. The appraisement as made accomplished the purpose for which it was intended. Taking into account the presumption of regularity which existed in favor of the landlord, the fact that there was evidence that the

various articles were appraised item by item and that the totals were set down for each room and each apartment, these with the written appraisement furnished sufficient evidence to submit to the jury to determine whether the appraisement was regularly made, and it became their duty so to do. They determined the issue against the appellant.

The only reason assigned in support of the motion for a new trial was that the verdict was contrary to the facts and the law. What we have said with reference to the motion for judgment n. o. v. is applicable to the motion for a new trial. We are all of the opinion that this matter was correctly disposed of by the lower court.

The judgment of the court below is affirmed.